**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Morris HODGES, II,
Defendant-Appellant.**

**No. 74–1099
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 7, 1974.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

W. B. "Bennie" House, Jr., Houston, Tex., William M. Ravkind, Dallas, Tex., for defendant-appellant.

William Sessions, U. S. Atty., James E. Bock, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

The defendant-appellant, William Morris Hodges, II, appeals from his conviction of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). As grounds for reversal, Hodges contends (1) that the trial judge erred in denying his motion for a severance; (2) that the trial and conviction violate the double jeopardy clause; and (3) that certain deceptions practiced upon his trial counsel by an informer who was named as an unindicted co-principal in the indictment were so serious as to deny him the opportunity for a fair trial. We affirm.

■ In arguing that the trial judge abused his discretion in refusing to grant a severance, Hodges relies heavily upon the fact that several of his co-defendants took the stand to defend themselves, while he himself exercised his constitutional right to remain silent. Hodges points out that in their closing arguments the attorneys for the defendants who took the stand commented upon their clients' willingness to testify. He suggests that under our decision in DeLuna v. United States, 1962, 308 F.2d 140, failure to sever denied him the opportunity for a fair trial. *DeLuna*, however, involved an *adverse* comment by one co-defendant's counsel on the other co-defendant's failure to testify; one or the other defendant was guilty. The Court held that where one co-defendant's counsel finds need to make such comment, a severance should be ordered to forestall any possible interference with the right to remain silent of the co-defendant who chooses not to testify. A mere favorable comment upon the fact that one of several co-defendants testified does not involve the same potential for prejudice as an adverse comment by counsel upon the failure to testify of the other co-defendant. We decline to extend *DeLuna* to cover that situation.

Hodges also contends that a severance should have been granted because of inconsistencies between defensive theories he sought to assert and those asserted by his co-defendants. Our review of the record persuades us that whatever inconsistencies existed were not great enough to permit us to conclude the trial judge abused his discretion when he denied a severance.

■ The defendant's double jeopardy claim is founded upon his trial in June 1973 for conspiracy to possess an 800-pound shipment of marijuana illegally imported into the country in June 1972. The trial judge directed an acquittal at that trial on grounds of improper venue. This trial involved a charge of conspiracy to possess a 2400-pound shipment brought into the country at another time. Nevertheless, the defendant contends that there was but one single "conspiracy" to possess marijuana, and that his acquittal in the first trial barred further prosecution, under the double jeopardy clause. We reject the contention. The two shipments involved entirely distinct offenses. The two conspiracies involved different parties. The conspiracies to commit those offenses were separate conspiracies, so that separate prosecution for each did not offend the double jeopardy clause.

■ Finally, we find no merit to the contention that the deceptions practiced by the co-principal who was cooperating with the Government constitute grounds for reversal. In several telephone interviews with the defendant's counsel, the informer misled defendant's counsel by failing to reveal that he was cooperating

with the Government. He allegedly did this to protect his "cover" as a government informer; apparently he was still working with the Government in its investigation of the parties involved in this case at the time. We find no substantial prejudice flowed from the deceptions practiced by the informer. He was made available, and the fact that he had been cooperating with the Government was made known to defense counsel well over a month before trial. At the trial he was placed upon the stand and cross-examined vigorously. The defendant has pointed to no specific damage that flowed from the deceptions he had earlier practiced.

The judgment of the district court is affirmed.

Gibson, Circuit Judge, dissented and filed an opinion..